UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KAYONA CRENSHAW

Plaintiff,

v.

ERICA TORRANCE, et al.,

Defendants.

CASE NO. 26-cv-5518-BHS

ORDER

THIS MATTER is before the Court following Magistrate Judge Grady Leupold's Order, Dkt. 3, granting pro se plaintiff Kayona Crenshaw's application to proceed *in forma pauperis* based on her indigency, Dkt. 1. It is up to this Court to evaluate whether Crenshaw's proposed complaint, Dkt. 4, asserts a plausible claim and should be served.

A court should "deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Tr.*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis* complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Id.* at 1370 (citing *Rizzo v. Dawson*, 778 F.2d

ORDER - 1

527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

A pro se plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations and footnotes omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly* at 555).

In order to state a plausible claim, a plaintiff must allege facts that allow *the court* to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

Crenshaw sues two Department of Social and Health Services (DSHS) employees, challenging a child support order entered against her in Pierce County superior court. Dkt. 4 at 5. She asks for a "full financial refund and restitution of all monies that the Division of Child Support has already seized" from her. *Id.* She alleges she was "locked out" from the courtroom during the dependency hearing and the resulting

ORDER - 2

"unconstitutional" order has caused her "severe financial hardship and emotional distress." *Id.* at 4–5.

Crenshaw's proposed complaint does not articulate sufficient facts to state a plausible claim in this Court. This Court cannot and will not review a state court order. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (The *Rooker-Feldman* doctrine precludes "cases brought by state-court losers complaining of injuries caused by state-court judgments . . . and inviting district court review and rejection of those judgments.").

Ordinarily, the Court will permit pro se litigants an opportunity to amend their complaint to state a plausible claim. *See United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011) ("Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment.").

Crenshaw may amend her complaint to articulate alleged violations of her federal rights, or to otherwise articulate a basis for federal diversity jurisdiction. Any amended complaint should focus on the "who, what, when, where, and why" of a factual story, and should be filed by **within 21 days**.

IT IS SO ORDERED.

Dated this 9th day of June, 2026.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 3